TRAVELLERS' INS. CO. v. J. R. HOUSTON.

(No. 2975.)

APPEAL from Hunt County.    Opinion by WILLSON, J.

PERKINS, GILBERT & PERKINS, counsel for appellant.

MATHEWS & NEYLAND, counsel for appellee.

§ 429. *Accident insurance; stipulation in policy of, as to intentional injury, construed; case stated.* This is a suit by appellee against appellant upon an accident insurance policy issued to Robert Davidson, insuring against said Davidson's death by accident. Appellee recovered judgment for the full amount of the policy, $1,000, and for costs.

In the policy of insurance it is agreed and stipulated that "said policy shall not cover intentional injuries inflicted by the insured or any other person." This stipulation is valid and binding. [Bliss on Ins. § 82; United States v. Roberson, 9 Peters, 319; Travellers' Ins. Co. v. McConkey, 127 U. S. 661.]

The facts of the case are that Davidson, the assured, was killed by one Russell. At the time of the killing Russell was intoxicated; but the evidence fails to show that he was insane, or so bereft of reason as to not know the nature and consequences of the act he was about to commit and did commit. It fails to show that he did not commit the act intentionally, or was mentally incapable at the time of forming a criminal intent. On the contrary, the evidence tends to show that he killed Davidson intentionally, and with an understanding of the

nature and consequences of the act. The insanity which will render an act unintentional, and entitle the act to be regarded as accidental, within the meaning of said stipulation in the policy, must be such mental derangement as deprives the person committing the act of sufficient capacity to understand the nature of the act and the consequences which will result from it; and the burden of proof to show this condition of Russell's mind at the time he killed Davidson devolved upon appellee. [Bliss on Ins. § 229 *et seq.;* Ins. Co. v. McConkey, 127 U. S. 661.] The evidence does not support the finding that the death of Davidson was *accidental,* and therefore the judgment is not warranted by the evidence.

November 21, 1888.      Reversed and remanded.